UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

REPORT AND
RECOMMENDATION
05-CR-6041

JAMES ANDRE CLARK,

       Defendant.

### Preliminary Statement

Currently before the Court is defendant James Andre Clark's (hereinafter defendant or Clark) motion to suppress evidence. (Docket #19). The Government has filed papers in opposition to this motion. (Docket #21). A suppression hearing was held on May 2, 2006. By Order of Judge David G. Larimer, dated April 7, 2005, all pre-trial motions have been referred to this Court pursuant to 28 U.S.C. §636(b)(1)(A)-(B). (Docket #2). The following is my Report and Recommendation as to the defendant's motion.

### Factual Background

On April 27, 2004, Monroe County Court Judge John J. Connell issued a search warrant for the upstairs apartment at 120 Weldon Street, Rochester, New York, which was being rented by Clark. See Defendant Clark's Affidavit ¶ 2. The warrant application was supported by the sworn affidavit of Rochester Police Office David Simpson, and contained facts indicating Clark's participation in a

long-term drug trafficking operation. Police executed the warrant the same day it was issued and the search resulted in the seizure of various items including glass jars, duct tape, plastic wrap, sandwich bags, a holster, digital scales, a money counter, and kilo wrappers which tested positive for the presence of cocaine.

With the instant motion, defendant alleges that the warrant was issued without probable cause, was based upon stale information, and that Officer Simpson omitted material facts from his affidavit. Specifically, defendant contends that Officer Simpson's failure to advise Judge Connell that defendant was not recorded in any of the telephonic intercepts and to provide the judge with information necessary to fully assess the credibility of the confidential informants amounted to material omissions.

## Discussion

It is well established that a judicial officer shall issue a search warrant only upon probable cause supported by an affidavit. Illinois v. Gates, 462 U.S. 213, 238 (1983). In determining probable cause, the judicial officer "is simply to make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him . . . there is fair probability that contraband or evidence of a crime will be found in a particular place." Id.; United States v. Travisano, 724 F.2d 341, 345 (2d Cir. 1983) ("To establish probable cause to search a residence, two

factual showings are necessary – first, that a crime was committed and second, that there is probable cause to believe that evidence of such a crime is located at the residence."). In reviewing a probable cause determination, courts give substantial deference to the judicial officer's findings and limit the inquiry to whether the judicial officer had a substantial basis for finding probable cause. United States v. Singh, 390 F.3d 168, 181 (2d Cir. 2004).

Here, I find that the application upon which Judge Connell issued the search warrant was sufficient to establish probable cause to believe that a drug trafficking conspiracy existed and that evidence of that conspiracy, and in particular the drug paraphernalia sought, would be found in defendant's apartment at 120 Weldon Street. Indeed, Officer Simpson's affidavit provided detailed information regarding the frequency with which defendant was observed during police surveillance to be traveling from his alleged "stash house" at 222 Weldon and to his primary residence at 120 Weldon.

Moreover, contrary to defendant's view, I find that the information contained in Officer Simpson's application was not stale. Rather, the application states that in the two weeks before the warrant was executed, defendant was observed associating with other members of the alleged conspiracy at Mad Flavors Clothing Store, which officers had reliable information to believe was the conspirators' meeting place to discuss their drug trafficking operation. The warrant application also incorporated by reference

3

numerous prior applications Judge Connell had approved for eavesdropping warrants. Thus, Judge Connell was fully aware of the duration and extent of the alleged drug trafficking conspiracy.

It is the lengthy duration of this drug trafficking operation, and the investigation into it which dates back to 2003, that further serves to defeat defendant's staleness argument. The Second Circuit has held that there are "two critical factors" in determining whether the evidence in a search warrant application is stale: the time elapsed between the evidence and the application, and the type of crime involved. United States v. Ortiz, 143 F.3d 728, 732 (2d Cir. 1998). Thus, the age of the information must be assessed in light of the nature of the criminal activity suspected. Where ongoing criminal conduct such as a narcotics conspiracy is suspected, "the passage of time between the last described act and the presentation of the application becomes less significant." United States v. Gallo, 863 F.2d 185, 192 (2d Cir. 1988)(internal citations omitted). See also United States v. Singh, 390 F.3d at 181-82 (finding lapse of twenty months between information in affidavit and search warrant application was not stale). As the Second Circuit has held, "narcotics conspiracies are the very paradigm of the continuing enterprises for which the courts have relaxed the temporal requirements of non-staleness." United States v. Rowell, 903 F.2d 899, 903 (2d Cir. 1990)(internal citations omitted).

Finally, I find that Judge Connell had sufficient information

4

regarding the reliability of both confidential informants relied upon in Officer Simpson's application. Specifically, Officer Simpson affirmed that both informants had made controlled narcotics purchases for the Rochester Police Department in the past and had provided information regarding other investigations and drug dealers that was independently corroborated and ultimately led to arrests and convictions.

However, even if the search warrant was unsupported by probable cause, defendant's suppression motion should be denied because I find that the officers executing the warrant acted in good faith reliance upon it. United States v. Leon, 468 U.S. 897 (1984).

### Conclusion

For the foregoing reasons, it is my Report and Recommendation that defendant's motion to suppress be **denied**.[1]

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: June 12, 2006
       Rochester, New York

---

[1] Additionally, at the conclusion of the suppression hearing on May 2, 2006, the Court issued a Report and Recommendation from the bench that defendant's motions to suppress evidence recovered during a traffic stop on May 21, 2003, and a photographic identification procedure conducted by the police on March 15, 2005, should also be **denied.**

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R. Civ.P. 72(b) and Local Rule 72.3(a)(3).[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Government and the Defendant.
    **SO ORDERED.**

                                    /s/ Jonathan W. Feldman
                                    Jonathan W. Feldman
                                    United States Magistrate Judge

Dated: June 12, 2006
Rochester, New York

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. §3161(h)(1)(f) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).