UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                         Plaintiff,

                                              DECISION AND ORDER

                                              05-CR-6041L

                      v.

JAMES ANDRE CLARK,

                         Defendant.

_____

      This Court referred all pretrial motions in this criminal case to United States Magistrate

Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b).  Thereafter, the defendant, James Andre

Clark ("Clark"), filed a motion to suppress evidence seized at 120 Weldon Street, Rochester, New

York, pursuant to a search warrant issued by Monroe County Court Judge John J. Connell.  Clark

also moved to suppress evidence obtained during a traffic stop on May 21, 2003, as well as a

photographic identification made on March 15, 2005.

      Magistrate Judge Feldman conducted a suppression hearing on the several motions.  At the

conclusion of the suppression hearing, Magistrate Judge Feldman issued an oral Report and

Recommendation that the motions to suppress the physical evidence obtained at the traffic stop and

the photographic identification be denied.  Later, Magistrate Judge Feldman issued a written Report

and Recommendation (Dkt. #26) recommending that the motion to suppress physical evidence obtained during execution of the search warrant also be denied.

Defendant was granted extensions within which to file objections to the Report and Recommendation, and those objections were filed on September 22, 2006 (Dkt. #31). I adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman, both oral and written, and find no basis to reject or modify his Reports and Recommendations. Therefore, defendant's motions to suppress (Dkt. #19) are denied.

**TRAFFIC STOP:**

I agree with Magistrate Judge Feldman that there is no basis to suppress the physical evidence seized from Clark and the vehicle. The evidence shows that there was a basis to stop Clark's vehicle based on information from the Department of Motor Vehicles that the license plates on the vehicle were not properly registered. When Clark was pulled over, after some discussion about Clark's license, Clark fled the scene in the vehicle, requiring Rochester Police Officer Herbert McClellan to pursue. After Clark's vehicle was stopped and after Clark had been searched, Officer McClellan discovered a substantial sum of money on Clark and in the vehicle.

I agree with Magistrate Judge Feldman that there was ample basis to detain Clark's vehicle in the first instance and, based on the information obtained from Clark and his flight from the scene, there certainly was ample reason to take Clark into custody and search both him and the vehicle. I agree with Magistrate Judge Feldman that the motion to suppress should be denied.[1]

---

[1]After Clark's flight ended, in response to a question by the officer, he stated that his reason for fleeing was to get to a well-lit area to protect against "corrupt" police officers.

(continued...)

**PHOTOGRAPHIC IDENTIFICATION PROCEDURE:**

Magistrate Judge Feldman reviewed the five photographs placed in the array which was shown to a witness, Jeremiah Williams, on or about March 15, 2005.  Magistrate Judge Feldman took testimony on the selection of the photographs and examined the array.  He found that the photographs were not unduly suggestive.

In Clark's objections, he claims that the lighting and the placing of the photos was suggestive.  I disagree.  I have reviewed the photographic array as well and find that it meets constitutional standards.  It appears fair in every respect. There is no likelihood of irreparable misidentification.

**SEARCH WARRANT:**

In his written Report and Recommendation, Magistrate Judge Feldman reviewed Clark's objections to the application for the warrant.  He found that the evidence was sufficient to establish probable cause and that the evidence was not stale.  Magistrate Judge Feldman discussed the facts of this case and the law pertaining to such warrant applications, and I agree with his analysis of both the facts and the law.  I therefore accept his recommendation that defendant's motion to suppress items obtained during execution of the search warrant be denied.

---

[1](...continued)
Apparently, Magistrate Judge Feldman did not rule on that motion.  Therefore, should the Government wish to use the statement at trial, I reserve on the motion and will decide the matter prior to trial.

CONCLUSION

I accept and adopt both oral reports of Magistrate Judge Jonathan W. Feldman entered May

2, 2006, as well as his written Report and Recommendation (Dkt. #26).  All of defendant's motions

to suppress evidence are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
       November 1, 2006.