UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
100 STATE STREET, ROOM 2500
ROCHESTER, NEW YORK 14614-1324

CHAMBERS OF
DAVID G. LARIMER
DISTRICT JUDGE

(585) 613-4040
FAX (585) 613-4045

November 30, 2009

Douglas E. Gregory, Esq.
Assistant United States Attorney
100 State Street, Room 620
Rochester, New York 14614

Peter J. Pullano, Esq.
One East Main Street
Suite 711
Rochester, New York 14614

Charles E. Moynihan, Esq.
Assistant United States Attorney
100 State Street, Room 620
Rochester, New York 14614

Mehmet K. Okay, Esq.
The Okay Law Firm
P.O. Box 622
Batavia, New York 14020

RE: UNITED STATES V. JAMES ANDRE CLARK - 05-CR-6041L
UNITED STATES V. JULIUS WILLIAMS-BETHAL - 06-CR-6037L

Dear Counsel:

As you know, the Second Circuit remanded these cases pursuant to *United States v. Regalado,* 518 F.3d 143, based on its prior decision in *United States v. Whitley,* 529 F.3d 150 (2d Cir. 2008).

We have been delaying resentencing on the remand pending the Government's petition to the United States Supreme Court. The Supreme Court has now, of course, spoken in *Abbott v. United States* decided November 15, 2010 on *certiorari* from the Third Circuit. It is, therefore, time to deal with the remands ordered in both of these cases. There may be others pending as well.

I ask the Government to take the lead in this and perhaps obtain some advice from the Appellate Section of the Department of Justice. One way to handle this is simply to schedule the matter for resentencing and proceed to impose the same sentence that was previously imposed, including the mandatory 60 month consecutive sentence, required by 18 U.S.C. § 924(c). I suppose if it is a full remand, the Court would have the ability to consider all matters anew pursuant to 18 U.S.C. § 3553(a).

It seems to me another way to avoid a remand is for the Government to petition the Second Circuit to vacate its decisions which were based on *Whitley,* 529 F.3d 150, which has now been overruled by the Supreme Court's *Abbott* decision. These convictions were otherwise affirmed.

Douglas E. Gregory, et al.
Page 2
November 30, 2010

      I request the Government to respond to this letter within twenty (20) days and will afford defense counsel ten (10) days thereafter to reply.

      IT IS SO ORDERED.

                                  Very truly yours,

                                  David G. Larimer
                                United States District Judge

DGL/ea